788 So.2d 249 (2001)
STATE of Florida, Appellant/Cross-Appellee,
v.
Gregory MILLS, Appellee/Cross-Appellant.
No. SC01-879.
Supreme Court of Florida.
June 8, 2001.
*250 Robert A. Butterworth, Attorney General, and Kenneth S. Nunnelley and Judy Taylor Rush, Assistant Attorneys General, Daytona Beach, FL, for Appellant/Cross-Appellee.
Todd G. Scher, Litigation Director, Capital Collateral Regional Counsel-South, Fort Lauderdale, FL, for Appellee/Cross-Appellant.
PER CURIAM.
The State of Florida appeals the trial court's order on Gregory Mills' third motion filed pursuant to Florida Rule of Criminal Procedure 3.850 which granted Mills a new sentencing hearing. We have jurisdiction. See art. V, § 3(b)(1), Fla. Const.[1] For the reasons which follow, we affirm the ruling of the trial court.
In his 3.850 motion, Mills raised two issues: (1) that newly discovered evidence established the codefendant, and not Mills, was the triggerman in the underlying murder, thus warranting a new trial or a life sentence; and (2) that newly discovered information established that impermissible ex parte communications occurred between the State and the sentencing judge during Mills' initial postconviction proceedings.
The trial court granted an evidentiary hearing and considered evidence from both Mills and the State. Mills presented the testimony of John Henry Anderson who indicated he knew both Mills and his codefendant, Vincent Ashley. Anderson further indicated that during 1980 he and Ashley were in jail at the same time, and Ashley made a statement to him that he, Ashley, was the person who had gone into the house and shot the victim. The State presented the testimony of Judge William Woodson who presided over Mills' initial 3.850 proceedings. Judge Woodson stated he in fact contacted the State Attorney's office and asked the prosecutor to prepare an order denying Mills' request for 3.850 relief.
As to Mills' first claim, the trial court found that the evidence Mills presented met the test for newly discovered evidence as enunciated by this Court in Jones v. State, 709 So.2d 512, 519 (Fla. 1998). We agree. The evidence presented by Anderson was unknown at the time of trial and neither Mills nor his counsel could have discovered it with due diligence; the evidence would have been admissible at trial, if only for impeachment; and the newly discovered evidence, when considered in conjunction with the evidence at Mills' trial and 3.850 proceedings, would have probably produced a different result at sentencing. The State has failed to demonstrate an abuse of discretion by the trial judge in his determination of this issue. See Mills v. State, 786 So.2d 547 (Fla.2001). Therefore, we affirm that portion of the trial court's order granting Mills a new sentencing hearing.
As to Mills' second claim, the trial court stayed Mills' execution and ordered additional hearings pursuant to Huff v. State, 622 So.2d 982 (Fla.1993). Because *251 Mills will receive a new sentencing hearing, the issue involving preparation of the 3.850 order is rendered moot.
Mills filed a cross-appeal arguing the trial judge erred in only vacating his sentence of death and that a new guilt phase trial should be ordered. We deny Mills relief on his cross-appeal issue. The evidence presented at the evidentiary hearing does not call into question Mills' conviction for first-degree murder, thus he is not entitled to a new trial.
Based on the foregoing, we affirm the trial court's grant of 3.850 relief to the extent that a new sentencing hearing is required.
It is so ordered.
WELLS, C.J., and SHAW, HARDING, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.
NOTES
[1] For a thorough recitation of the underlying facts, see Mills v. Moore, 786 So.2d 532 (Fla. 2001), and Mills v. State, 786 So.2d 547 (Fla. 2001).